# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL RHOADES, | : |
|     Petitioner, | :   CIVIL ACTION |
| v. | : |
| | :   NO.   18-235 |
| BARRY SMITH, et al. | : |
|     Respondents. | : |

## ORDER

**AND NOW**, this 7th day of April, 2020, upon consideration of Petitioner Michael Rhoades's Petition for Writ of Habeas Corpus (Doc. No. 1), the Answer from Respondents Superintendent Barry Smith, the Philadelphia District Attorney, and the Pennsylvania Attorney General (collectively, "Respondents") (Doc. No. 22), the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. No. 23), Petitioner's Objections (Doc. No. 27), and Petitioner's Motion for Permission to File Interrogatories and Authentication of Documents (Doc. No. 29), I find the following:

**Factual Background**[1]

1. On September 25, 2012, Petitioner entered two negotiated guilty pleas in two criminal cases for his participation in crimes against two victims. According to the facts set forth by the state courts, Petitioner and his wife kept two victims locked in their home and tortured them over a period of time. As to Victim #1, Petitioner pled guilty to aggravated

---

[1] In lieu of engaging in a lengthy discussion of the factual background of Petitioner's state conviction and resulting sentence, I incorporate by reference the factual and procedural history as set forth in the Report and Recommendation.

assault, arson, conspiracy, false imprisonment, and trafficking of persons. As to Victim #2, Petitioner pled guilty to conspiracy, trafficking of persons, and simple assault.

2. On November 5, 2012, Petitioner was sentenced to the negotiated recommended sentence of fifteen to thirty years' incarceration. Petitioner did not file a direct appeal.

3. On April 10, 2013, Petitioner filed a timely *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, et seq. The PCRA court appointed counsel, who filed a no-merit letter under Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). On June 26, 2015, the PCRA Court entered a Rule 907 notice of intent to dismiss. [2] Petitioner filed a *pro se* response raising two additional claims for relief, and, on December 1, 2015, the PCRA Court denied the PCRA Petition.

4. Petitioner filed a timely appeal from this decision, and, on August 17, 2017, the Pennsylvania Superior Court affirmed. Petitioner did not file a request for allowance of appeal with the Pennsylvania Supreme Court.

5. On January 13, 2018, Petitioner filed the current *pro se* Petition for Writ of Habeas Corpus setting forth four claims for relief:

   a. Claim one: Counsel should have demanded withdrawal of the plea when the factual foundation of the plea was incorrect and there was no pre-sentence investigation report.

   b. Claim two: Counsel failed to request that a pre-sentence investigation report be done prior to sentencing to assist the plea judge in his determination of the appropriate sentence.

   c. Claim three: Plea counsel, knowing the plea was not supported by the facts, failed to discuss the misrepresentation to support an appeal.

---

[2] Pa. Rule of Crim. P. 907(1) provides that a court may dismiss a PCRA petition without a hearing by issuance of a notice of intent to dismiss to which the petitioner shall have twenty days to respond.

d. <u>Claim four</u>: PCRA counsel was ineffective for (i) misrepresenting Petitioner's correspondence; (ii) not investigating the underlying municipal court challenge of a probation violation; (iii) failing to communicate; (iv) failing to ensure and notify the PCRA court of Petitioner's authorized transfer of mental health records from the Department of Corrections; (v) abandoning his professional duties; (vi) failing to investigate the strong possibility of collusion between Seth Williams of the Philadelphia District Attorney's Office, the media, and plea counsel; (vii) leaving Petitioner without counsel when meritorious issues existed that were left uninvestigated at the time of the plea and post-plea where Petitioner sent the necessary records; and (viii) failing to investigate or pursue the matter of the plea transcript not being accurate when Petitioner told PCRA counsel of the discrepancies.

6. I referred this Petition to United States Magistrate Judge Lynne A. Sitarski for a Report and Recommendation. Subsequently, Petitioner filed a Memorandum of Law in support of his Habeas Petition and the Philadelphia District Attorney's Office, on behalf of all Respondents, filed a Response.

7. Judge Sitarski issued a Report and Recommendation ("R&R") recommending that (a) Claims One and Three be denied as unexhausted and procedurally defaulted; (b) Claim Two, having been deemed waived by the Pennsylvania Superior Court on independent and adequate state grounds, be denied as procedurally defaulted; and (c) Claim Four be denied as raising a non-cognizable challenge to PCRA counsel's conduct.

8. On April 15, 2019, Petitioner filed objections to the R&R, alleging (1) he did not receive a copy of Respondent's Response and, thus he did not have the opportunity to file a traverse/reply brief; (2) the R&R is "tainted" because Judge Sitarski quotes from and relies upon the transcripts from the state court which are incorrect; (3) the R&R misconstrues Petitioner's fourth habeas claim as a stand-alone claim for relief, when it is actually an allegation of "cause"—under <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012)—to excuse the procedural default of his other claims; and (4) the R&R failed to address PCRA counsel's lack of candor to the PCRA Court.

**Standard of Review for an R&R**

9. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**Discussion**

*Objection No. 1*

10. Petitioner first contends that he was not properly served with Respondents' "Response to Petition for Writ of Habeas Corpus." Specifically, he notes that, on March 25, 2019, he wrote to the Clerk of Court requesting an updated copy of the docket of this case. Upon receipt of this docket sheet, he realized that Respondents had filed their Response on February 21, 2019, but that he had not been served with that Response.

11. On March 31, 2019, Petitioner sent a "Notice" stating that he did not receive a copy of the Response and, therefore, was denied the opportunity to file a traverse/reply.

12. Two days later, but before Petitioner's "Notice" was docketed, Judge Sitarski issued the R&R recommending denial of the Habeas Petition. Petitioner now asserts that "the Honorable Sitarski's R&R should be rescinded due to the 'gamesmanship' of the Respondent's [sic] who should be ORDERED to serve the Petitioner a copy of the

'Response' and the Petitioner should be given time to file the [] necessary response and related material." (Objections ¶ 12.)

13. I find no merit to this objection for several reasons.

14. First, the filing by the Philadelphia District Attorney's Office certifies that a copy of the Response was served on Petitioner by first-class mail, on February 21, 2019, to "Smart Communications/PaDOC, Michael Rhoades KT-8825, SCI Houtzdale, PO Box 33028, St. Petersburg, FL 33733." (ECF No. 22, p. 23.) While Petitioner's receipt of this Response may have been delayed by the mail processing system, I find no "gamesmanship" by the Philadelphia District Attorney.

15. Second, Petitioner did not have an absolute right to file a reply or traverse in support of his habeas petition. See Advisory Committee Notes, Rule 5 of the Rules Governing Section 2254 Cases ("In actual practice, the traverse tends to be a mere pro forma refutation of the return, serving little if any expository function. In the interests of a more streamlined and manageable habeas corpus procedure, it is not required except in those instances where it will serve a truly useful purpose"); Harris v. Wenerowicz, No. 11–7750, 2014 WL 4056953, at *2 (E.D. Pa. Aug. 14, 2014) ("[A] petitioner's reply is not a required element of the *habeas corpus* process in federal courts").[3]

16. Finally, I find that Petitioner has not suffered any prejudice from his inability to file a reply/traverse prior to the issuance of the R&R. Under Local Rule of Civil Procedure 72.1, a magistrate judge to whom a petition under 28 U.S.C. § 2254 is referred, may conduct all "appropriate proceeding[s]" and then submit to the district judge "a report containing

---

[3] I note that Rule 5 was amended, effective December 1, 2019, to grant the Petitioner the right to file a reply or traverse. This amendment, however, is not retroactive to the time in which Petitioner's habeas petition was pending before Judge Sitarski.

proposed findings of fact and recommendation for disposition of the petition by the judge." E.D. Pa. Local Civ. Rule 72.1(I)(b). The Local Rules go on to provide that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report . . . within fourteen (14) days after being served with a copy thereof." E.D. Pa. Local Civ. Rule 72.1(IV). Ultimately, "[a]ny order disposing of the petition may be made only by a [district] judge." E.D. Pa. Local Rule 72.1(I)(c).

17. The existence of this process obviates any finding of prejudice. Petitioner filed his habeas petition setting forth his claimed grounds for relief and Respondents submitted their Response. Judge Sitarski then issued the R&R regarding all grounds for relief raised in the habeas petition. Although Petitioner did not have the opportunity to file a reply/traverse prior to the R&R, he was able to raise any responsive arguments in his objections to the R&R.[4] Petitioner, however, had the opportunity to raise any such responsive arguments in his objections to the R&R, which I consider on a *de novo* basis.

18. For all of the foregoing reasons, I decline to find that Petitioner's inability to file a traverse/reply warrants rescinding the R&R. I will therefore overrule Petitioner's first objection.

*Objection No. 2*

19. Petitioner's next objection builds upon his habeas claim that "there is a strong possibility that the [state] transcripts were altered or mis-translated." (Objections ¶ 13.) In his Memorandum in Support of his Habeas Petition, Petitioner asserted that, during PCRA

---

[4] Notably, Petitioner would not have been permitted to raise any new claims in a reply/traverse. See Burns v. Attorney General of the State of Pa., No. 14-300, 2016 WL 128212, at *8 (W.D. Pa. Jan. 12, 2016) ("A habeas petitioner cannot raise new claims in a reply (formerly known as a traverse) or in other filings made after the respondent has filed the answer.").

litigation, Petitioner told both the Court and his PCRA counsel that the state court transcripts were not an accurate representation of what occurred in the plea proceedings, and that there were several errors throughout the transcribed material. (Pet'r's Mem. Supp. Habeas Corpus 18.) He claimed that despite his identification of the transcription errors, PCRA counsel did not act to investigate or correct these errors. (Id.)

20. The R&R found this claim not cognizable because it was not used to establish cause and prejudice for a procedurally defaulted claim of trial counsel ineffectiveness, but rather as a standalone claim of PCRA counsel ineffectiveness. (R&R 28.)

21. Petitioner now posits that the R&R improperly relies heavily on this "altered" record. Because Petitioner never received a copy of the Response, he does not know "what transcripts were forwarded to the Court by the Respondents." (Id.) As a result, he reasons that the R&R is "tainted" because any quotation from the record is incorrect. (Id. ¶ 14.)

22. I again find no merit to this objection. Primarily, Petitioner's sole basis for claiming that the transcripts were inaccurate is that the original stenographer was no longer with the Philadelphia Stenographer Office and, therefore, the transcripts were transcribed by an alternate stenographer. (Pet'r.'s Mem. Supp. Habeas Corpus 19.) The mere fact that a different stenographer than the one present in the courtroom completed the transcription does not give rise to an inference of inaccuracy.

23. Moreover, although Petitioner claims to have identified for PCRA counsel where the transcripts were inaccurate, Petitioner has made no effort to point out here where the transcription of the plea hearings was inaccurate and how such inaccuracies affected any findings regarding the knowing and voluntary nature of his guilty plea.

24. Finally, although Petitioner suggests that Respondents may have sent Judge Sitarski inaccurate records for purpose of the R&R, the docket of this case reflects that Judge Sitarski received a certified copy of the official state court record. (See ECF No. 11.)

25. In light of the foregoing, I will overrule Petitioner's second objection.

*Objection No. 3*

26. In his third objection, Petitioner posits that Judge Sitarski "misconstrue[d]" the basis for part of his fourth habeas claim alleging ineffective assistance of PCRA counsel. (Objections ¶ 16.) Petitioner contends that extensive information concerning mental health was forwarded to all counsel relevant to his competency during the time of the commission of the crime and pre-trial proceedings, sentencing. (Id. ¶ 18). He posits that, despite being aware of Petitioner's mental health records, PCRA counsel failed to assert a claim of ineffective assistance of plea counsel for not raising the issue of Petitioner's competency at the guilty plea and sentencing hearings.

27. The R&R recommended dismissal of this claim because allegations of PCRA counsel ineffectiveness are not cognizable on federal habeas review. (R&R 28.) Petitioner now contends that "[c]ontrary to Judge Sitarski's reading of the question," the Petitioner did not raise it as a stand-alone claim for relief, but as "cause" for the underlying procedural default pursuant to the U.S. Supreme Court's holding in Martinez v. Ryan, 132 S. Ct. 1309 (2012). (Objections ¶ 16.)

28. Upon review of Petitioner's Memorandum of Law in Support of his Habeas Petition, and liberally construing the allegations therein, I agree that (a) Petitioner alleged a potentially unexhausted claim of ineffective assistance of plea counsel for not investigating Petitioner's mental capacity, and (b) Petitioner's assertion of ineffective assistance of

8

PCRA counsel for failing to preserve this underlying claim must be construed as an effort to establish cause to excuse procedural default under <u>Martinez</u>. (Pet'r's Mem. Supp. Habeas Pet. 17.) Therefore, although I reach the same conclusion as Judge Sitarski, I will discuss the claim in that context.

29. In <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), the United States Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." <u>Id.</u> at 1320. The United States Court of Appeals for the Third Circuit clarified that PCRA counsel's failure to raise an ineffective assistance claim on collateral review may excuse a procedural default only if (1) PCRA counsel was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and (2) the underlying claim is "a substantial one." <u>Bey v. Superintendent Greene SCI</u>, 856 F.3d 230, 237–38 (3d Cir. 2017).

30. Here, Petitioner cannot satisfy either prong. In order to show that PCRA counsel was ineffective for failing to raise a claim—under the first prong—the petitioner must establish that counsel was ineffective under <u>Strickland</u> standards, which require a showing "(1) that [a petitioner's] counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's performance prejudiced his client," *i.e.* that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Bey v. Superintendent Greene SCI</u>, 856 F.3d 230, 238 (3d Cir. 2017) (citing <u>Strickland</u>, 466 U.S. 689–92). "A court can choose

9

to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

31. Assuming *arguendo* that PCRA counsel was ineffective for failing to raise the plea counsel ineffectiveness claim, Petitioner cannot establish prejudice. Petitioner had the opportunity to and did, in fact, present this claim to the PCRA Court and the Pennsylvania Superior Court. After PCRA counsel filed a no-merit letter in the PCRA Court, Petitioner filed a *pro se* petition (albeit in a procedurally defective manner) raising a claim of ineffective assistance of plea counsel for failure to investigate his psychiatric history. The PCRA Court dismissed the claim as meritless. Petitioner appealed and, on August 17, 2017, the Pennsylvania Court affirmed the denial of PCRA relief both on procedural and substantive grounds. Although Petitioner did not seek allocatur from the Pennsylvania Supreme Court, that failure cannot be attributed to PCRA counsel who had long since withdrawn from the matter. Accordingly, any misstep by PCRA counsel was not the cause for the existing procedural default.

32. Second, Petitioner has not established that his underlying claim of ineffectiveness of plea counsel is a "substantial claim." Because the Pennsylvania Superior Court adjudicated this claim on its merits, I may not grant federal habeas relief unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner has not satisfied this standard.

33. In state court, Petitioner alleged, as he does here, that he was treated numerous times for mental health issues and had several involuntary commitments, one of which occurred in August 23, 2011, approximately six months before incarceration on this matter. He contended that had plea counsel investigated Petitioner's mental capacity, he would have found these records, the fairness of the sentence would have been undermined, and the outcome of the proceeding would have more likely than not been different.

34. The Pennsylvania Superior Court rejected this claim, finding that:

> During his oral guilty plea colloquy and in his written plea colloquy, [Petitioner] expressly stated he had not been treated for mental illness (*See* N.T. Guilty Plea Hearing, 9/25/12, at 10); (Written Guilty Plea Colloquy, 9/25/12, at 1) (stating: "I have never seen a doctor or been in a hospital for any mental health problems—I can understand what is going on. I am not under the influence of drugs or alcohol. I have not taken any medicine in the last week."). [Petitioner] actively participated in his guilty plea and sentencing proceedings, stating he was 'more than satisfied' with plea counsel's representation (*see* N.T. 9/25/12, at 28) and providing a detailed allocution at sentencing expressing his regret and remorse for his crimes (*see* N.T. Sentencing, 11/5/12, at 6–7). At no time during either proceeding did [Petitioner] exhibit signs that he suffered from any mental health issues. In fact, [Petitioner] expressly stated that he wanted to thank plea counsel and the prosecutor because his 'crime was far worse than what [he pled] guilty to" and "[the sentence] could have been worse." (*Id.*) Under these circumstances, plea counsel had no reason to investigate [Petitioner's] mental health.

(Commw. v. Rhoades, No. 3789 EDA 2015, 12–13 (Pa. Super. Ct. Aug. 17, 2017.)

35. This ruling is not contrary to or an unreasonable application of clearly-established federal law. In Jermyn v. Horn, 266 F.3d 257 (3d Cir. 2000), the Third Circuit explained that counsel can be considered ineffective if he "fail[s] to inquire into defendant's competency and fail[s] to request a competency hearing, despite indicia of incompetence that would

provide reasonable counsel 'reason to doubt' the defendant's ability to understand the proceedings, communicate with counsel, and assist in his own defense." Id. at 300.

36. A defendant is incompetent if he lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against him." McCray v. Pierce, No. 13-123, 2016 WL 1117375, at *5 (D. Del. Mar. 21, 2016) (quoting Dusky v. United States, 362 U.S. 402 (1960)). To assess a defendant's competency under this standard, a district court must consider a number of factors including "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." U.S. v. Younger, No. 14-71, 2016 WL 6780023, at *3 (W.D. Pa. Nov. 15, 2016) (quoting Drope v. Missouri, 420 U.S. 162, 172 (1975)). Where a defendant, at a plea hearing, suggests that he can understand and participate in proceedings and give "clear, unequivocal answers" to the court's questions, without appearing irrational or confused and without any medical opinion indicating incompetency, counsel has no basis to request an incompetency hearing. Id.; see also U.S. v. Harris, No. 14-858, 2015 WL 1859063, at *5 (W.D. Pa. Apr. 22, 2015) (finding that defendant's diagnosis of depression and use of prescribed medicine did not prevent his plea from being knowing and voluntary where defendant demonstrated competence during the hearing and court addressed the mental health issues).

37. Given the absence of any indicia of incompetence here, I have no basis to disagree with the state court's finding that plea counsel's failure to request a competency hearing fell within the appropriate range of professional legal assistance. As set forth above, Petitioner participated rationally and in a cogent manner in response to questions during both at his guilty plea hearing and at his sentencing hearing. Indeed, when asked whether he wished

12

to address the Court during sentencing, Petitioner was able to present a clear and well-organized allocution expressing his remorse. In addition, when specifically asked about mental health issues or treatments, Petitioner explicitly denied being under the influence of drugs, alcohol, or medication, and had never been treated for a mental illness.

38. Moreover, nothing in Petitioner's medical records submitted in connection with his Habeas Petition undermines his demonstrated competence at the time of his plea hearing. Petitioner asserts that, prior to his conviction, he had been treated for mental health issues including several involuntary commitments and a "suicide by cop" on August 23, 2011, approximately six months prior to his incarceration in this case. He was also on suicide watch twice after incarceration where he was medicated. (Pet'r's Mem. Supp. Pet. For Habeas Corpus 16.) Currently, Petitioner notes that he is a Certified Peer Assistant Support Specialist in his present place of incarceration and is designated to help other inmates with similar mental health problems. (Id. at 17.)

39. The simple existence of prior or even ongoing mental health treatment, however, does not call into question his competence to plead guilty. See U.S. v. Leggett, 162 F.3d 237, 244 (3d Cir. 1998) ("[I]t does not follow that because a person is mentally ill [that person] is not competent to stand trial." (quoting United States v. Davis, 93 F.3d 1286, 1290 (6th Cir.1996)). While "a trial court may consider a defendant's history of mental illness, it must 'properly focus[] its inquiry [on the defendant's] mental state at the time of the [proceedings]." Leggett, 162 F.3d at 244 (quoting USA v. Morgano, 39 F.3d 1358, 1374 (7th Cir. 1994)). The defendant's mental impairment must render the defendant "'presently' unable to understand the nature and consequences of the proceedings." Id.; see also United States v. Lessner, 498 F.3d 185, 193–94 (3d Cir. 2003) (finding that guilty

plea was voluntary and knowing notwithstanding the defendant's ongoing treatment by mental health professionals and her taking of prescription medications); Harris, 2015 WL 1859063, at *5–6 (noting that where a defendant testified clearly and coherently at a change of plea hearing, no further inquiry into his mental health was required even though defendant had received some mental health treatment.); Henderson v. U.S., No. 17-1104, 2020 WL 634162, at *4–5 (D.N.J. Feb. 10, 2020) (declining to find plea counsel ineffective for not inquiring into defendant's mental health where, despite some mental health issues, defendant demonstrated an ability to understand and participate in his plea hearings).

40. Finally, Petitioner has not provided any support to demonstrate prejudice. His "mere[] reiterat[ion] [of] the black letter law that '[t]here is a reasonable probability' that, had counsel sought a mental health evaluation and moved the court for competency hearing, the outcome of the case would have been different" is insufficient to establish prejudice under Strickland. Id.; (see Pet'r's Mem. Supp. Habeas Petition 17 (arguing that "[h]ad plea counsel investigated the petitioner's mental capacity pre-plea (pre-sentence) the fairness of the proceeding, guilty plea or not, would [] have been undermined and the outcome of the proceeding would have more likely than not been different.") Accordingly, I overrule this objection.

### *Objection Four*

41. Petitioner's last objection disputes the R&R's rejection of his claim of PCRA counsel's lack of candor and misrepresentation of facts to the state court. Petitioner contends that the R&R should have considered this claim under Martinez.

42. This claim, however, does not seek to establish cause for any underlying, procedurally-defaulted claim of plea counsel ineffectiveness. Rather, it directly challenges the conduct

of PCRA counsel. As noted in the R&R, "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under 2254." (R&R 28 (quoting 28 U.S.C. § 2254(i) and Martel v. Clair, 565 U.S. 648, 662 n.2 (2012)).) Therefore, I will overrule this objection.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's Objections (Doc. No. 27) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** with prejudice and **DISMISSED** without a hearing;

4. Petitioner's Motion for Permission to File Interrogatories and Authentication of Documents (Doc. No. 29) is **DENIED AS MOOT**.

5. There is no basis for the issuance of a certificate of appealability; and

6. The Clerk of Court is directed to mark this case **CLOSED**.

                            **BY THE COURT:**

                          */s/ Mitchell S. Goldberg*
                          **MITCHELL S. GOLDBERG, J.**